UNITED STATES OF AMERICA
DISTRICT COURT

BOSTON, ss.                                                          C.A. NO.:

| | |
|---|---|
| DAVID RODRIGUES, ANTHONY FREDA AND | ) |
| KEVIN CAMARA, ERNEST MOSCHERA | ) |
| AND ALL OTHERS  SIMILARLY SITUATED, | ) |
| PLAINTIFFS | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| AUTOMATIC MACHINE PRODUCTS CO., | ) |
| JH VALVE REALTY, LLC, | ) |
| JOHN S. HOLDEN III, KEVIN ARMATA, | ) |
| AND FORREST CRISMAN | ) |
| DEFENDANTS | ) |
| | ) |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### Introduction

1. Plaintiffs were employees at Automatic Machine Products Co. (AMP). They bring this case on behalf of themselves and others similarly situated. AMP, a component's manufacturer, employed approximately 37 workers. AMP closed its doors on or about March 7, 2024 and failed to pay its workers for three weeks of wages earned, ie., the week of February 5 through 11, 2014 and the last two weeks before the closure on March 7, 2024. AMP also failed to pay Plaintiffs their accrued, paid time off, including accrued vacation time. These actions are in violation of G.L. c. 149 § 148. As a result Plaintiffs and all others similarly situated have been denied wages by AMP's unlawful retention thereof. Plaintiffs and those similarly situated also bring common law claims arising from AMP's nonpayment of wages.

1

## Parties, Jurisdiction and Venue

2. Plaintiff, David Rodrigues (Plaintiff), resides at 111 Brigham Street in New Bedford, Bristol County MA 02740. Plaintiff is only one of a putative class of 37 employees (putative class) who worked at Defendant, Automatic Machine Products Co. as of March 7, 2024.

3. Plaintiff, Anthony Freda, resides at 117 Debbie Drive in Leominster, Worcester County MA 01453. He is one of a class of 37 employees (putative class) who worked at Defendant, Automatic Machine Products Co. as of March 7, 2024.

4. Plaintiff, Kevin Camara, resides at 155 Princess Kate Circle in Taunton, Bristol County MA 02780. He is one of a class of 37 employees (putative class) who worked at Defendant, Automatic Machine Products Co. as of March 7, 2024.

5. Plaintiff, Ernest Moschera resides at 17 Sherman Street, Apt. 4 in Foxboro, Norfolk County MA 02035. He is one of a class of 37 employees (putative class) who worked at Defendant, Automatic Machine Products Co. as of March 7, 2024.

6. Defendant, Automatic Machine Products, Co. is a business located at 400 Constitution Drive, Taunton, Bristol County MA 02780. See Exhibit 1, Secretary of State Corporate Filing for Automatic Machine Products, Co. (AMP). AMP employed Plaintiff until March 7, 2024. The President, Treasurer, Secretary and a Director of AMP is John S. Holden III. Id.

7. JH Valve Realty, LLC (JH Valve), is a business located at 5 Calloway Drive in Danvers, Essex County MA 01923. Exhibit 2, Secretary of State Corporate Filing for JH Valve Realty LLC, JH Valve is the owner of the real property located at 400 Constitution Drive

2

in Taunton MA. *See* Exhibit 3, Bristol Superior Court, Case No. 2373CV00402, Docket Document (Dkt Doc.) No. 18, p. 1. JH Valve leased the property to AMP. Id.

8. Defendant John S. Holden III (Holden) has a business address of 400 Constitution Drive in Taunton MA 02780. He is the owner of AMP and a 51% owner in JH Valve. *See* Exhibit 4, Bristol Superior Court, Case No. 2373CV00402, Docket Document (Dkt Doc.) No. 13.2, p. 2. *See also* Exhibits 1 and 2.

9. Defendant, Kevin Armata (Armata) is a Director of AMP, with a business address of 400 Constitution Drive in Taunton MA 02780.

10. Defendant, Forrest Crisman (Crisman) is a Director of AMP, with a business address of 400 Constitution Drive in Taunton MA 02780.

11. As Directors, all individual Defendants had decision-making authority at AMP.

12. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, and venue is appropriate because most if not all of the allegations arose in Bristol County, MA.

13. Plaintiffs have satisfied all jurisdictional prerequisites in this matter.

## Facts

14. Plaintiffs reassert the facts set forth in the foregoing paragraphs.

15. Until March 7, 2024, Plaintiff David Rodrigues worked at AMP doing labor and packing for $18.00 per hour for approximately 40 hours weekly. This was a non-exempt position.

16. Plaintiff, Anthony Freda, worked at AMP as Payroll Supervisor for approximately 40 hours weekly, making a salary of $1759.62 weekly. This was an exempt position.

17. Plaintiff, Kevin Camara, worked at AMP as a Manufacturing Supervisor, making $32.00 hourly in a nonexempt position.

3

18. Plaintiff, Ernest Moschera worked at AMP as a Metal Fabrication CNC Machinist, making $30.00 hourly in a nonexempt position.

19. On or about February 16, 2024 AMP failed to pay Plaintiffs their weekly salary for the period February 5, 2024 to February 11, 2024, including overtime.

20. AMP again failed to pay Plaintiffs the two weeks' salary leading up to the closure on March 7, 2024, including overtime.

21. On March 7, 2024, AMP closed its doors without paying final salary, overtime, back salary or accrued paid time off (PTO) to Plaintiffs or to any other employee.

22. As of March 7, 2024, Plaintiff Rodrigues had accrued PTO of approximately 22.97 hours, Plaintiff Freda had accrued PTO of approximately 67.3 hours, and Plaintiff Camara had accrued approximately 36.43 hours of PTO.

23. To date Plaintiffs have not received this salary or paid time off.

24. Defendant corporations have been embroiled in litigation for failure of AMP to pay JH Valve rent for several months. *See* Exhibit 5, Docket for Bristol Superior Court C.A. No. 2373CV00402.

25. Summary Judgment against AMP in favor of JH Valve entered February 1, 2024. Id. Dkt Doc. No. 38.

26. Thereafter JH Valve moved for determination of damages. Id. at Dkt Doc. No. 42.

27. A judgment on damages was entered against AMP in favor of JH Valve for a total of $285,025.11. Id. Dkt Doc. No. 50.

28. As a result of this, an auction has been scheduled for May 1, 2024 at AMP of assets owned by AMP. Major CNC Turning/Heat Treating & Screw Machine Facility & Finished

4

Goods | Tauber-Arons | Industrial Auctioneers & Appraisals (tauberaronsinc.com). *See also* Exhibit 6.

29. Upon information, this auction will result in a liquidation of most or all assets held by the employer, AMP.

30. Such an auction would deny Plaintiffs and the putative class of employees who remain unpaid the recovery they seek in this matter.

31. Plaintiffs seek to stay this auction from occurring until his claim has been adjudicated.

## Class Allegations

32. The named Plaintiffs bring this action on behalf of a class of individuals who are similarly situated to them. Specifically they seek to represent the class of individuals employed with AMP as of March 7, 2024.

33. The class is so numerous that the joinder of all individuals would be impractical.

34. There are common questions of law and fact among the Plaintiffs and those similarly situated that this would make the class appropriate and efficient use to judicial resources.

35. There are common questions of liability and damages that would make class certification appropriate.

36. The claims of the Plaintiffs are common to and typical of the claims of the other class members, and counsel will adequately represent the interests of the class.

37. Plaintiffs have individually filed complaints with the Massachusetts Attorney General's Office and received a right to sue letter in state or federal court.

## COUNT I
### Failure to Pay Wages
### In Violation of G.L. c. 148 § 149
*All Defendants*

38. Plaintiffs, individually and on behalf of those similarly situated (the putative class), reassert the facts alleged in the foregoing paragraphs.

39. Defendants' failure to pay Plaintiffs and the putative class their weekly salary constitute a violation of the Wage Act.

40. Defendants are liable to Plaintiffs and the putative class for their unlawful actions, including without limit payment to them for unpaid pages, treble damages, consequential and compensatory damages incurred to Plaintiffs and those similarly situated, attorneys' fees and costs, interest on this amount, and other damages so proven at trial by the putative class.

## COUNT II
### Failure to Pay Overtime
### In Violation of the Fair Labor Standards Act (FLSA),
### 29 U.S.C. §201 et seq.
#### *Against All Defendants*

41. Plaintiffs, individually and on behalf of those similarly situated (the putative class), reassert the facts alleged in the foregoing paragraphs.

42. Defendants' failure to pay Plaintiffs and the putative class overtime constitutes a violation of the FLSA.

43. Defendants are liable to Plaintiffs and the putative class for unpaid overtime wages, all consequential and compensatory damages incurred to Plaintiffs and those similarly situated, double damages, attorneys' fees and costs, interest on this amount, and other damages so proven at trial.

## COUNT III
### Request for Declaratory Judgment and Injunctive Relief
### Pursuant to 28 U.S.C. § 2201
#### *Against All Defendants*

6

44. Plaintiffs, individually and on behalf of those similarly situated, reassert the facts alleged in the foregoing paragraphs.

45. Plaintiffs and the putative class seeks a declaratory judgment that they and the other members of the putative class are entitled to the wages retained by Defendants.

46. Plaintiffs seek a mandatory injunction to order Defendants to stay the auction of the assets of the employer, AMP, until such time as this and the putative of cases associated with it are resolved.

47. Plaintiffs have a reasonable likelihood of success on the merits of this matter as Defendants are strictly liable to Plaintiffs and the putative class for the unpaid wages.

48. Plaintiffs request injunctive relief preventing the auctioning of the assets owned by AMP, declaratory judgment that AMP owes Plaintiffs and the other members of the putative class unpaid wages, multiple damages, and attorneys' fees.

## COUNT IV
### Unjust Enrichment
*Against All Defendants*

49. Plaintiffs, individually and on behalf of those similarly situated, reassert the facts alleged in the foregoing paragraphs.

50. Defendants' actions constitute unjust enrichment.

51. Defendants are liable to Plaintiffs and those others similarly situated (the putative class) for unpaid wages, and any consequential or compensatory damages, and any other damages so proven at trial.

## COUNT V
### Quantum Meruit
*Against All Defendants*

7

52. Plaintiffs, individually and on behalf of those similarly situated, reassert the facts alleged in the foregoing paragraphs.

53. Plaintiff and those similarly situated should be paid their earned wages and paid time off in quantum meruit.

54. Defendants are liable to Plaintiffs and the putative class for payment in quantum meruit.

**Prayer for Relief**

Plaintiffs, individually and on behalf of the other members of the putative class, reassert the facts alleged in the foregoing paragraphs and requests the following relief:

a. That Defendants be found strictly liable for the payment of unpaid wages by them to the Plaintiff and the members of the putative class;

b. That Defendants be enjoined from selling or encumbering the assets held by AMP until such time as this matter is resolved;

c. That Defendants be ordered to pay damages to Plaintiffs and the members of the putative class for lost wages, multiple damages, consequential and compensatory damages, attorneys fees and costs, and other damages so proven at trial;

d. And any other relief that the court deems fair and just.

**PLAINTIFF AND MEMBERS OF THE PUTATIVE CLASS SEEK A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

Plaintiffs, David Rodrigues, Antony Freda, Ernest Moschera and Kevin Camara, Individually and on behalf of those Similarly Situated,

By their attorneys:

8

/s/ Janet R. Ruggieri
Janet R. Ruggieri, BBO# 634431
Widad Bakkal, BBO# 712813
Murphy & Rudolf, LLP
446 Main Street, Ste 1503
Worcester, MA 01608
Tel. (508) 425-6330
Fax (508) 536-0824
ruggieri@murphyrudolf.com

Dated: 4 19 24

9