UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RODRIGUES, ANTHONY FREDA, KEVIN CAMARA, ERNEST MOSCHERA, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>AUTOMATIC MACHINE PRODUCTS CO., JH VALVE REALTY, LLC, JOHN S. HOLDEN III, KEVIN ARMATA, FORREST CRISMAN, ADVANCED MANUFACTURING GROUP, LLC., and ADVANCED MANUFACTURING GROUP ON-TIME,<br><br>DEFENDANTS.<br><br>JH VALVE REALTY, LLC,<br><br>CROSS-CLAIM PLAINTIFF,<br><br>v.<br><br>ADVANCED MANUFACTURING GROUP ON-TIME and ADVANCED MANUFACTURING GROUP, LLC,<br><br>CROSS-CLAIM DEFENDANTS. | Civil Action No. 1:24-cv-11042-IT |

MEMORANDUM & ORDER

January 21, 2025

TALWANI, D.J.

After Plaintiffs sued Defendants JH Valve Realty, LLC ("JH Valve"), Automatic Machine Products Co. ("AMP"), Advanced Manufacturing Group, LLC ("AMG"), Advanced Manufacturing Group On-Time ("AMG On-Time"), and others for unpaid wages, JH Valve filed

a Cross-Claim [Doc. No. 37] seeking a determination that AMG and AMG On-Time were either continuations of, or successors-in-interest to, AMP, and as such, liable to JH Valve for AMP's debt for a terminated lease in the amount of $285,025. See Cross-Claim [Doc. No. 37]. Now pending is AMG's Motion to Dismiss [Doc. No. 43] the Cross-Claim [Doc. No. 37] for lack of subject matter jurisdiction and JH Valve's request for sanctions, see Opposition at 5 [Doc. No. 59].

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The citizenship of a limited liability company ("LLC") "is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marine, Inc., 435 F.3d 51, 54 (1st Cir. 2006); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

AMG argues that because JH Valve's Cross-Claim has not alleged facts as to AMG's citizenship, JH Valved failed to establish diversity jurisdiction. See Mem. in Supp. of Mot. to Dismiss at 1-2 [Doc. No. 44].[1] But diversity is established here where JH Valve's members are citizens of Massachusetts and New Hampshire, see JH Valve Realty LLC's Disclosure Statement at 2 [Doc. No. 48], and AMG's sole member is a citizen of Connecticut, see AMG's Disclosure Statement at 2 [Doc. No. 56].[2] As JH Valve seeks $285,025 in payments for debt, plus interest,

---

[1] AMG argues further that the court should decline to exercise supplemental jurisdiction over the Cross-Claim. Id. The court does not need to reach this argument.

[2] AMG On-Time has not appeared in this action. JH Valve alleges that it is a limited liability company with a Connecticut address. See Cross-Claim ¶ 3 [Doc. No. 37]. Plaintiffs allege on information that AMG On-Time is a subsidiary of AMG with no corporate filings with the Connecticut Secretary of State. See Second Am. Compl. ¶ 12 [Doc. No. 15]. AMG refers to the Cross-Claim as "brought by one limited liability company ('LLC') against another LLC," Mem. in Supp. of Mot. to Dismiss at 1 [Doc. No. 44], and makes no claim that AMG On-Time is a

the requirements for this court to exercise diversity jurisdiction are met. Accordingly, AMG's Motion to Dismiss [Doc. No. 43] is DENIED.

JH Valve requests that this court impose sanctions and attorneys' fees against AMG for persisting in its Motion to Dismiss after the citizenship of the parties became clear. See Opposition at 5 [Doc. No. 59]. AMG responds that JH Valve should have amended its Cross-Claim once AMG complied with its disclosure obligations. See Mot. for Leave to File Reply at 1 [Doc. No. 60]. The court agrees with JH Valve that AMG should have withdrawn its motion and finds that AMG's counsel's refusal to disclose his client's citizenship caused an unnecessary burden on the court and ignored the obligations of Federal Rule of Civil Procedure 1 and Local Rule 7.1(a)(2). Nonetheless, the court will not impose sanctions at this time where JH Valve did not follow the procedural steps set forth in Federal Rule of Civil Procedure 11(c) for requesting sanctions.

IT IS SO ORDERED.

January 21, 2025                    /s/ Indira Talwani
                                    United States District Judge

---

separate legal entity. The court is treating AMG On-Time here as a wholly-owned subsidiary of AMG, but directs AMG to be straightforward in its Answer to the Cross-Claim in admitting or denying whether AMG On-Time is (or was) a limited liability company.